IIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 22-cr-00023-DKW |
|---|---|
| Plaintiff, | **ORDER DENYING FIRST MOTION TO SUPPRESS** |
| vs. | |
| LYLE RIKIO CUMMINGS, | |
| Defendant. | |

Defendant Lyle Rikio Cummings moves to suppress certain drug evidence seized from his vehicle pursuant to a search warrant on the grounds that the officers' search exceeded the warrant's scope. Dkt. No. 69. Because Cummings' contention is plainly not true, the motion is DENIED.

## **LEGAL STANDARD**

The Fourth Amendment to the U.S. Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." Among other things, this provision generally prohibits warrantless searches. *See Coolidge v. New Hampshire*, 403 U.S. 443, 444 (1971).

Search warrants must be based on probable cause, and they must "particularly describ[e] the place to be searched, and the persons or things to be

1

seized." U.S. Const. amend. IV.  "If the scope of the search exceeds that permitted by the terms of a validly issued warrant . . . , the subsequent seizure is unconstitutional without more."  *Horton v. California*, 496 U.S. 128, 140 (1990).  "Whether a search exceeds the scope of a search warrant is an issue we determine through an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search."  *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir. 2002), *amended on other grounds by* 298 F.3d 1021 (9th Cir. 2002).

## RELEVANT FACTUAL ALLEGATIONS

On March 15, 2020, Cummings was arrested by members of the Maui Police Department for electronic enticement of a child in violation of Hawaiʻi Revised Statutes ("H.R.S") §§ 707–756, pursuant to an undercover operation involving law enforcement posing as a fictitious 13-year-old girl online.  At the time of the arrest, Cummings had been driving his vehicle, a 2008 Toyota Tacoma.  The arresting officer asked Cummings for permission to search his vehicle, and Cummings refused.  Dkt. Nos. 74-6–7 (arrest videos).  That resulted in the officers impounding the vehicle.  *Id.*

The next day, on March 16, 2020, investigators obtained a search warrant, authorizing them to search Cummings' vehicle for the following:

A touchscreen cellular phone; [and]

> Articles of identification or items containing the name(s), photographic impressions, latent fingerprints or palm prints, handwriting or printing of CUMMINGS and other such articles or items which would serve as evidence of ownership, occupancy, possession, or control of the [Tacoma vehicle]. Such items may include driver's licenses, identification cards, passports, certificate of title, registration paperwork, insurance or other motor vehicle cards, pay stubs, and mail or other personal items addressed to CUMMINGS[.]

Dkt. No. 74-1 at S-2 (page 2 of 10).

The officers executed the warrant the same day. They quickly discovered a cellular phone in plain view. Then, while searching for "articles of identification," the officers discovered "approximately 87 grams of cocaine packaged in small baggies, cocaine base (or 'crack'), drug paraphernalia, and cash" located in or around the center console of the vehicle. Dkt. No. 74 at 6.

## RELEVANT PROCEDURAL BACKGROUND

Maui County charged Cummings with Electronic Enticement of a Child in the First Degree in violation of H.R.S. §§ 707–756, pursuant to their undercover operation. Later, on June 18, 2021, Cummings was charged in a two-count federal criminal complaint with the enticement of a minor in violation of 18 U.S.C. § 3422(b) and possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1)(C), the latter on the basis of the drugs discovered in Cummings' Tacoma on March 16, 2020. Trial on the federal counts is set for June 7, 2023. Dkt. No. 81.

On March 24, 2023, Cummings filed the instant motion to suppress the drug evidence. Dkt. No. 69. The Government opposed the motion on April 17, 2023, Dkt. No. 74, and Cummings elected not to file a reply brief. *See* Dkt. No. 81. At a hearing on April 21, 2023, the parties agreed that the disposition of the motion would be appropriate without evidentiary testimony. Dkt. No. 81. The Court thereafter heard oral argument from both parties and verbally DENIED the motion. *Id.* This written Order follows.

## DISCUSSION

Cummings' argument is straightforward. He does not challenge the validity of the warrant, nor does he assert the absence of probable cause. Cummings asserts only that the officers exceeded the scope of the warrant when, after discovering one item of identification—*i.e.*, the vehicle registration information—they continued to search the vehicle, leading to their discovery of the drugs. *See* Dkt. No. 69 at 3; *see also* Dkt. No. 81.[1] He contends that the officers were obligated to cease their search upon finding a single such "article of identification[]," that any search beyond that point was unconstitutional, and that the drug evidence should thus be suppressed because it was among the items

---

[1] Although the written motion makes certain inarticulate statements regarding the breadth of the warrant, Cummings' counsel clarified at oral argument that the only issue for the Court's determination is whether the officers exceeded the scope of the warrant by searching after having discovered at least one "article of identification" pursuant to the warrant. *See* Dkt. No. 81 ("Your Honor is correct; it is that and that alone.").

discovered by law enforcement after finding identification linking Cummings to the vehicle.

Cummings provides no legal authority for his contention that the officers were limited to a single "article of identification[]," after which their search had to cease. *See* Dkt. Nos. 69, 81 ("We found no helpful case law, Your Honor."). The warrant explicitly authorized the officers to search the entire truck for "[a]rticles" (plural) or "items" (plural) tending to show Cummings' "ownership, occupancy, possession, or control" of the vehicle. Dkt. No. 74-1 at S-2 (page 2 of 10). It did not limit the search to a singular article or item. *See id.* (providing a non-exhaustive, lengthy list of the types of articles or evidence indicated). The officers were not required to cease their search when they found one item—or indeed *any* number of items—responsive to the warrant. And their search of the area in and around the center console was entirely reasonable, given that a vehicle console is a place where individuals commonly keep articles of identification and was likewise within the scope of warrant. The officers' search, in short, did not exceed the plain language of the warrant.[2]

---

[2] Aside from the warrant's language, the Court notes that law enforcement is generally allowed to seek cumulative evidence in any given case—not only to corroborate facts already believed to be true, but also in the event that any one piece of evidence is challenged by a defendant. Moreover, as the Government pointed out in its opposition brief, even if the officers' search *had* exceeded the scope of the warrant, the drug evidence would still be permitted by both the inevitable discovery and automobile exceptions. *See, e.g.*, *Nix v. Williams*, 467 U.S. 431, 444 (1984) (describing the inevitable discovery exception); *United States v. Ruckes*, 586 F.3d 713, 718–19 (9th Cir. 2009) (applying the inevitable discovery exception to a search of a vehicle that

## CONCLUSION

For the foregoing reasons, Cummings' first Motion to Suppress, Dkt. No. 69, is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Lyle Cummings*; Cr. 22-00023 DKW; **ORDER DENYING FIRST MOTION TO SUPPRESS**

---

would have inevitably been inventoried after impoundment); *United States v. Ross*, 456 U.S. 798, 799, 806–09 (1982) (describing the automobile exception, which allows an officer to search the entirety of a vehicle and any containers within if there is probable cause to believe the vehicle and/or containers contain evidence of a crime); *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam) (explaining the automobile exception applies even absent exigent circumstances); *United States v. Garcia*, 205 F.3d 1182, 1187–88 (9th Cir. 2000) (same).